IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 04-~~320~~ |
| Plaintiff, ) | 04-336 |
| ) | |
| v. ) | |
| ) | |
| JATHAN DESIR, ) | **PLEA AGREEMENT** |
| ) | |
| Defendant. ) | |

IT IS HEREBY AGREED by and between the plaintiff, the United States of America, and the Defendant, Jathan Desir, by their respective counsel, as follows:

## A. CHARGES

1.  *Subject Offense.* Defendant will waive indictment and plead guilty to an United States Attorney's Information which charges violations of 17 U.S.C. § 506 and 18 U.S.C. §§ 2319 and 371. Count One of the Information charges the Defendant with having willfully conspired with others to commit an offense against the United States – to wit, to willfully infringe the copyright of a copyright protected work for purposes of commercial advantage and private financial gain, by reproducing and distributing during a 180-day period ten (10) or more copies of one or more copyrighted works, which have a total retail value of more than $2,500, in violation of 18 U.S.C. §§ 317, 2319(b)(1), and 17 U.S.C. § 506(a)(1). To be guilty of this offense, the following essential elements must be satisfied:

    a.  that two or more persons entered into the unlawful agreement charged in the information;

    b.  that the Defendant knowingly and willfully became a member of the conspiracy;

    c.    that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the information; and

    d.    that the overt act was committed to further some objective of the conspiracy.

As to Counts Two and Three of the Information, the Defendant admits to knowingly violating 17 U.S.C. § 506(a)(1) and 18 U.S.C. § 2319(b)(1) (criminal copyright infringement), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

    a.    that a copyright exists for the infringed work;

    b.    that the Defendant infringed the copyright by reproduction or distribution of the copyright protected work;

    c.    that the Defendant acted willfully;

    d.    that the Defendant infringed at least 10 copies of one or more copyrighted works with a total retail value of more than $2,500 within a 180 day period.

2.    *No Further Prosecution.* The United States Attorney agrees that the Defendant will not be charged in the Southern District of Iowa with any other federal criminal offense under Titles 17 or 18, United States Code, arising from or directly relating to this investigation and current prosecution, except for any crimes of violence. This paragraph and this plea agreement do not apply to any offense committed or completed after the date of this agreement. Furthermore, this paragraph and this plea agreement do not apply to any criminal offense which the Defendant did not fully disclose to law enforcement during Defendant's interviews pursuant to proffer or plea agreement.

### B. CONSEQUENCES OF PLEA

3.    *Statutory Penalties.* The subject offenses are each punishable by a maximum term of imprisonment of five (5) years, a maximum fine of not more than $250,000, or both. A special

assessment of $100 must be imposed by the sentencing court on each count of conviction. The sentencing court may impose a term of supervised release of at least two years and up to three years. If the Defendant violates any condition of supervised release following imprisonment, he may be returned to prison for all or part of the term of supervised release.

## C. SENTENCING CONSIDERATIONS

4. *Sentencing Factors--Statute or Guideline.* The sentence to be imposed is solely within the Court's discretion as limited and guided by the United States Sentencing Guidelines (U.S.S.G.) which apply to this offense. The Sentencing Guidelines establish a sentencing range based upon various factors present in the case, which include, but are not limited to, the following:

   a. The Defendant's role in the offense;

   b. The Defendant's criminal history;

   c. Whether the Defendant has accepted responsibility;

5. *Sentencing Recommendation (Non-Binding).* This Plea Agreement has been negotiated according to the procedures in Federal Rule of Criminal Procedure 11(c)(1)(B). Based on information currently available to the government, the parties agree that the following computations under the United States Sentencing Guidelines are warranted by the evidence:[1]

   a. *Offense Conduct / Base Offense Level:* The base offense level is eight (8) pursuant to U.S.S.G. § 2B5.3(a).

   b. *Specific Offense Characteristics:* Pursuant to U.S.S.G. § 2B5.3(b)(1), if the infringement amount exceeds $5,000, the base offense level should be

---

[1] Counts 1, 2 and 3 are grouped together as closely related counts according to U.S.S.G. § 3D1.2.

3

increased by the number of levels indicated in the table found in § 2B1.1 corresponding to the loss amount. For a loss valued between $120,000 and $200,000, the base offense level should be increased ten (10) levels. U.S.S.G. § 2B1.1(b)(1)(F). Pursuant to U.S.S.G. § 2B5.3(b)(2), the base offense level should be increased by an additional two (2) levels because the offense involved the "uploading of infringing items."

c. *Acceptance of Responsibility*: The government will likely recommend that the Defendant should receive a three (3) level deduction pursuant to U.S.S.G. § 3E1.1(a) as he has demonstrated acceptance of responsibility.

d. *Estimated Total Offense Level*: Based on these estimates, the anticipated adjusted base offense level should be seventeen (17).

Any and all stipulations made are based upon facts presently known to the United States Attorney. They are made as recommendations to the Court and are not binding upon the Court. If new evidence becomes available to the government or the Court prior to sentencing, the Defendant understands that the Court may be required to apply the Sentencing Guidelines differently than contemplated in the parties' non-binding stipulations, and the United States Attorney reserves the right to argue differently than indicated in the stipulation(s), subject to the limitations set forth in U.S.S.G. § 1B1.8.

6. *No Promises*. The government makes no representations or promises as to the sentence to be imposed, as this is solely within the Court's discretion. Although the parties may have discussed the possibilities of various factors having an impact on the sentence and the possibility of a certain sentencing range, the parties agree that no discussion resulted in any express or implied promise or guarantee concerning the actual sentence to be imposed.

4

7. *No Right to Withdraw Plea.* The Defendant understands that he will have no right to withdraw his plea if the sentence imposed, or the application of the United States Sentencing Guidelines is other than that which he anticipates. Federal Rule of Criminal Procedure 11(c)(3)(B).

8. *Evidence at Sentencing.* The Defendant, the Defendant's attorney, and the United States Attorney may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement. The parties may provide all relevant information to the United States Probation Office for use in preparing a presentence report. The parties agree that either party may present evidence by way of telephone or deposition transcript, and to this extent Defendant agrees to waive any right to face-to-face confrontation at the sentencing hearing.

9. *Fines/Costs.* Issues relating to fines and/or costs of incarceration are not addressed in this agreement, and the parties may assert their respective positions at sentencing if such issues are raised.

10. *Special Assessment.* The Defendant agrees to pay to the United States a special assessment of $100 for each count of conviction as required by 18 U.S.C. § 3013. The Defendant agrees to make such payment, by cashiers check or money order payable to "Clerk, United States District Court," to the Clerk of Court within two weeks (14 days) of the execution of this Agreement or by the time of the entry of guilty plea, whichever first occurs.

5

11. *Restitution.* The government and the Defendant agree to recommend to the Court that the complication and prolongation of the sentencing process resulting from fashioning an order of restitution outweighs the need to provide restitution to any victims. 18 U.S.C. § 3663A(c)(3)(B).

### D. FORFEITURE

12. *Statutory Authority.* Under 17 U.S.C. § 506(b), the Court must order forfeiture of all infringing copies of copyrighted works and all implements, devices, and equipment (including computers, computer peripherals, and data storage devices) used in the manufacture, reproduction, or distribution of such infringing copies. The Defendant agrees that all such items, which were seized from his custody or control on April 21, 2004, shall be subject to forfeiture and destruction or other disposition. The Defendant represents that he is the sole owner of such items or that, to the extent he is not the sole owner, he obtained the items from third parties involved in the conspiracy whose whereabouts the Defendant does not know. The Defendant agrees to assist the government in its defense against any third-party claims that may be asserted with respect to the referenced items to be forfeited. The Defendant further agrees to waive the provisions of Federal Rules of Criminal Procedure 7(c)(2) and 32.2, and to execute any additional papers or agreements as necessary to accomplish the purposes of this paragraph.

The Defendant understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. §2465(b)(1).

6

13. *Legal Description of Property.* The Defendant hereby agrees to the entry of an order of forfeiture of the property seized on April 21, 2004, from his home which was used in the commission of the instant crime. The property to be forfeited is specifically described as:

   a. Western Digital hard drive Serial Number WMACK2189-140

   b. Dell Laptop Computer CPX 72XUF A01 with PC Card Serial Number B30312924721;

   c. Box Console Serial Number 509G744-21302 with 17 games;

   d. Maxtor hard drives Serial Numbers A80J49RE A80JZ5LE, R306HFZA;

   e. Quantum hard drive Serial Number 361920033572;

   f. IBM in grey case Serial Number B3GO5928;

   g. Quantum Bigfoot Serial Number BNG60000;

   h. Black bag with computer related cords and paraphernalia;

   i. Green CPU Tower with DVD drive, green CD/DVD drive and Athlow sticker on front;

   j. Silver tower with TDK CD drive with missing side panel and clear window;

   k. Gateway 2000 CPU connected to Laser Printer Serial Number 0009049386;

   l. Black desk top compute, no Serial Number with DVD and External DVD connected to USB in front;

   m. 16 Mb Flash Stick in plastic wrapping;

   n. Plextor RW External DVD connected to black desktop with power cord, Serial Number 506092019230;

   o. Linksys switch 8-port Serial Number RA33033010760;

   p. Linksys Wireless Cable Router Serial Number G3120802090;

7

q.  View Sonic Monitor connected to silver CPU case with power cord Serial Number A19022408762;

r.  Compaq CPU Serial Number 6631KUY6P402;

s.  Gateway 2000 Tower Serial Number 000904387;

t.  Samsung Audio Player Serial Number KY1T6047192;

u.  Approximately 1000 CD and DVD individual diskettes, 9 boxes of CD and DVD new and used diskettes, 31 spindles of new and used CD and DVD diskettes, computer literature, manuals and warranties, storage cases, power cords, electrical wire connectors and various zip drives.

14. *Third Party Claims.* In the event that any claim is made by third parties to any of the assets listed in paragraph 13, the Defendant agrees to forfeit property as substitute assets equal in value to those assets claimed by third parties.

15. *Clear Title.* Defendant agrees to cooperate with the United States Attorney by taking whatever steps are necessary to pass clear title to the United States of assets named or covered by paragraph 13 including, but not limited to, completing any legal documents required for the transfer of assets to the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, or otherwise made unavailable for forfeiture.

16. *Financial Disclosure.* Defendant agrees that he has identified all assets which constitute proceeds or were used in the facilitation of the instant offense to which he is pleading guilty. Defendant further agrees to truthfully and accurately complete a financial disclosure form prior to signing this agreement requiring a listing of assets and financial interests. Defendant represents that any other assets which Defendant may hold, other than those listed in paragraph 13 above, have no value.

17. *Polygraph Examination.* Defendant agrees that, upon request by the United States Attorney, he will voluntarily submit to a polygraph examiner of the United States Attorney's choice. In the event that the Defendant is called upon by the United States Attorney to submit to a polygraph examination and the Defendant's performance in the examination suggests a conscious intent to deceive, mislead or lie with respect to his assets, the Defendant will be afforded an opportunity to review and explain the deceptive responses to the United States Attorney. If the totality of the circumstances convinces the United States Attorney that the Defendant's financial statement is not complete and truthful, the Defendant will be so informed. The United States Attorney is then not limited to forfeiture set forth in this plea, but may pursue any and all forfeiture remedies available.

18. *Double Jeopardy.* The Defendant agrees to waive any double jeopardy challenges he may have to the entry of a Forfeiture Order.

19. *Excessive Fines.* The Defendant agrees to waive any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this indictment and any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

20. *Waivers.* The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement, and further agrees to not contest or challenge in any manner (including direct appeal, habeas corpus, under 28 U.S.C. § 2255, or any other means) such forfeitures on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

9

## E. COOPERATION

21. *Full Cooperation.* The Defendant agrees to fully cooperate with the United States in its investigation of criminal matters within the Southern District of Iowa and elsewhere, and will provide complete and truthful information to the attorneys and law enforcement officers of the United States. The Defendant agrees to answer all questions concerning any criminal matters of which he has knowledge, and he will not withhold any information. The Defendant will neither attempt to protect any person or entity through false information or omission, nor falsely implicate any person or entity. The Defendant will not take any action which would obstruct, impede, interfere with, inhibit or disclose the pending investigation.

22. *Financial Statement.* In addition to the financial disclosure under the terms of paragraph 16 of this Agreement, the Defendant agrees to fully and truthfully complete a financial statement, and provide the United States Attorney's Office with any information or documentation in his possession or control regarding his financial affairs.

23. *Truthful Testimony.* The Defendant agrees to tell the truth at all times, whether it be during this investigation or as a witness at trial, and regardless of who asks the questions (the prosecutor, the law enforcement agent, the judge, or the defense attorney). In the event the Defendant provides false information during the investigation, his failure to provide truthful information will render this Agreement voidable at the sole discretion of the United States Attorney, and will subject him to possible prosecution for making false statements to the government in violation of 18 U.S.C. § 1001, which is punishable by a term of imprisonment of not more than five (5) years, a fine of up to $250,000.00, or both. Likewise, in the event the Defendant should be called

10

as a witness, his failure to provide truthful information will render this Agreement voidable at the sole discretion of the United States Attorney, and will subject the Defendant to a prosecution for perjury in violation of 18 U.S.C. § 1621, which is punishable by a term of imprisonment of not more than five (5) years, a fine of up to $250,000.00, or both.

24. *Debriefing – Limitation of Use.* Pursuant to § 1B1.8 of the Sentencing Guidelines, the United States Attorney agrees not to use against the Defendant any self-incriminating information provided by him under this Agreement. Notwithstanding the terms of this paragraph, the United States Attorney may use against the Defendant any statements made by him prior to the parties entering into this Agreement, or, if applicable, any prior Proffer Agreement. The United States may also use any evidence developed independent of the Defendant's self-incriminating statements. Further, as provided below, the United States Attorney may use against the Defendant statements made by him under this Plea Agreement:

    a. If the Defendant admits conduct in interview or debriefing and then denies the same or presents evidence to the contrary at any hearing subsequent to the signing of this plea agreement; or,

    b. To the extent as provided for in the following paragraph, *Breach – Use of Information.*

25. *Breach – Use of Information.* If the Defendant breaches any terms and conditions of this Agreement, the United States Attorney is not limited in using against the Defendant any statement given by him in any debriefings or during testimony. Such statements or testimony may be used against the Defendant in any criminal prosecution, including but not necessarily limited to

11

prosecutions of the instant offense, perjury, making false statements to the government, obstruction of justice, or other applicable criminal prosecution.

26. *Effect of a Violation of Law or Release Condition.* Any violation of law or any violation of pretrial release conditions committed by the Defendant will render this Agreement voidable at the sole discretion of the United States Attorney.

27. *Access to Defendant Upon Entry Into Plea Agreement.* From and after the date of the parties entry into this Plea Agreement, the Defendant and his attorney agree that the Defendant will be available to perform the cooperation provided by this Plea Agreement without the United States Attorney first notifying and receiving authorization from the Defendant's attorney. Attorneys and investigators for the United States have standing authority to request the Defendant to provide cooperation required by this Agreement. If the Defendant elects to speak to anyone other than attorneys and investigators for the United States about the information known to him regarding criminal activity, the Defendant shall, prior to discussing such information with such other person, give notice to United States Attorney in a reasonable time in advance of such discussion to allow representatives of the United States Attorney to be present for such discussion. The United States Attorney requests to have a representative present for any such discussions, should they occur.

## F. SUBSTANTIAL ASSISTANCE

28. *Government Motion at Time of Sentencing.* If the Defendant fully complies with all the terms and conditions of this Plea Agreement, and the United States Attorney concludes that the Defendant has provided substantial assistance in the investigation or prosecution of one or more other persons who have committed a criminal offense, then the government may file a motion

requesting the Court to depart from the sentencing guidelines and/or to sentence the Defendant below a level established by statute as a minimum sentence (hereafter *Substantial Assistance Motion*). Such motion may be made pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or both. The Defendant understands that a motion pursuant to U.S.S.G. § 5K1.1 authorizes the Court to depart from the Sentencing Guidelines, but does not authorize the Court to sentence the Defendant below a level established by statute as a minimum sentence. The government retains the discretion whether to file no motion, only a motion pursuant to U.S.S.G. § 5K1.1, or motions pursuant to both U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The decision whether to file a *Substantial Assistance Motion* remains in the sole discretion of the United States Attorney. The Defendant understands that the United States Attorney will decide whether the Defendant has provided substantial assistance sufficient to warrant such a motion. **A proffer interview or a debriefing statement does not necessarily constitute substantial assistance in the investigation or prosecution of another person.** The Defendant further understands that if a *Substantial Assistance Motion* is filed, the Court will decide whether the Defendant has provided substantial assistance and, if so, the amount of reduction in sentence that is to be granted.

29. *Government Motion After Sentencing.* If the Defendant continues to comply with all terms of this agreement after sentencing, and the United States Attorney concludes that, subsequent to sentencing, the Defendant has provided substantial assistance in the investigation or prosecution of one or more other persons who have committed a criminal offense, then the government may file a motion requesting the Court to reduce the Defendant's sentence pursuant to Federal Rule of Criminal Procedure 35(b). The decision whether to file a *Substantial Assistance Motion* pursuant

13

to Rule 35(b) will be in the sole discretion of the United States Attorney. The Defendant understands that the United States Attorney will decide whether the Defendant has provided substantial assistance sufficient to warrant such a motion. **A proffer interview or a debriefing statement does not necessarily constitute substantial assistance in the investigation or prosecution of another person.** The government's use after sentencing of information provided by the Defendant prior to sentencing typically will not warrant a *Substantial Assistance Motion* pursuant to Rule 35(b), where the Court has been informed of the Defendant's cooperation in connection with a *Substantial Assistance Motion* filed at sentencing. The Defendant further understands that if a *Substantial Assistance Motion* is filed pursuant to Rule 35(b), the Court will decide whether the Defendant has provided substantial assistance and, if so, the amount of reduction in sentence that is to be granted.

30. *Breach of Agreement.* If the Defendant violates any of the terms of this Agreement at any time, the United States Attorney is not limited in considering the nature and extent of the Defendant's breach in determining whether to file any substantial-assistance motion, and the United States Attorney may decline to file a *Substantial Assistance Motion* on the ground that the Defendant failed to comply with one or more terms of the Agreement.

31. *Amount of Reduction.* If the United States Attorney elects to file a *Substantial Assistance Motion*, the extent of any reduction in sentence shall be determined by the Court for reasons that may include, but are not limited to, consideration of the following:

    a.    The Court's evaluation of the significance and usefulness of the Defendant's assistance, taking into consideration the United States Attorney's evaluation of the assistance rendered;

14

  b.  The truthfulness, completeness, and reliability of any information or testimony provided by the Defendant;

  c.  The nature and extent of the Defendant's assistance;

  d.  any injury suffered, or any danger or risk of injury to the Defendant or the Defendant's family resulting from his assistance; and

  e.  the timeliness of the Defendant's assistance.

Where appropriate, the government may also urge the Court to consider additional factors, including but not limited to the following:

  a.  Any benefit the Defendant may have received under the terms of the Plea Agreement;

  b.  Any obstruction of justice, or attempted interference with, or disclosure of the investigation by Defendant, whether before or after entering into this plea agreement;

  c.  Any violation of any criminal statute or ordinance by the Defendant after entry into this Plea Agreement; and

  d.  Any violation of the terms of this plea agreement by the Defendant.

## G. GENERAL MATTERS

32. *Voluntariness of Plea.* The Defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. The Defendant further acknowledges that he is entering into this Agreement without reliance upon any discussions between the United States Attorney and the Defendant (other than those specified in the terms of this Plea Agreement), without promise of benefit of any kind (other than any concessions specified in the terms of this Plea Agreement), and without threats, force, intimidation, or coercion of any kind. The Defendant further

15

acknowledges that he understands the nature of the offenses to which he is pleading guilty, including the penalties provided by law.

33.   *Waiver of Rights.* In connection with the Defendant's plea of guilty pursuant to this Agreement, the Defendant acknowledges that he has been informed of, and understands, the following:

   a.   The government's right, in a prosecution for perjury, for making any false statement to the government or for any similar prosecution, to use against the Defendant any statement that he gives under oath or, if appropriate to a prosecution, is not given under oath;

   b.   The right to plead not guilty, and to persist in that plea;

   c.   The right to a jury trial;

   d.   The right to be represented by counsel – and if necessary to have the court appoint counsel – at trial and at every other stage of the proceeding;

   e.   The right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

   f.   The Defendant will waive these trial rights if the Court accepts the his plea of guilty.

34.   *Limited Scope of Agreement.* This Agreement does not limit, in any way, the right or ability of the United States Attorney to investigate or prosecute the Defendant for crimes occurring outside the scope of this agreement. Additionally, this Agreement does not preclude the United States Attorney from pursuing any civil or administrative matters against the Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based. This Plea Agreement binds only the parties hereto.

16

It does not bind any prosecuting authority other than the United States Attorney for the Southern District of Iowa.

35. *Entire Agreement.* This Plea Agreement, and any attachments, constitute the entire agreement between the parties. No other promises of any kind, express or implied, have been made to the Defendant by the United States Attorney or by agents of the government.

36. *Factual Stipulations.* Attached hereto as Attachment "A", and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of the Defendant's offense conduct relating to each subject offense.

37. *Venue.* The Defendant agrees that the offense conduct relating to the subject offenses were committed, in whole or in part, in the Southern District of Iowa, and that the United States District Court for the Southern District of Iowa may exercise venue over this case.

38. *Execution/Effective Date.* This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives).

**The undersigned hereby accept and agree to the terms and conditions set forth in this Plea Agreement.**

12/15/04
Date

Jathan Desir
Defendant

12/22/04
Date

Angela Campbell
Assistant Federal Defender

The United States of America

Matthew G. Whitaker
United States Attorney

12/22/04
Date

By: Richard Richards
Richard Richards
Assistant United States Attorney
U. S. Courthouse Annex, 2nd Floor
110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 284-6257
Fax: (515) 284-6281
Email: richard.richards@usdoj.gov

12/22/04
Date

Richard Lee Richards for:
Clement McGovern
Trial Attorney, Criminal Division
United States Department of Justice
1301, New York Avenue, Suite 600
Washington, D.C. 20530
Tel: (202) 305-0535
Fax: (202) 305-1744
Email: clement.mcgovern@usdoj.gov

18